I'm Jamie Rush on behalf of Mr. Zogheib. We do appreciate the opportunity here today. The district court noted that this was a complicated case. Even though the government's agreed to a remand, their offer isn't nearly as broad as what we're seeking here today. The main issue I think that we should talk about, the one that would help Mr. Zogheib by far the most is the denial of the 5G 1.3 adjustment. Quick recap of what happened below. There was a single state court judgment of conviction. It contained count one and count two. Federal district court found that count one was relevant conduct under the guidelines, but that count two was not and therefore denied what otherwise would have been a mandatory adjustment under 5G 1.3. We contend this was error for three reasons that I will explain right now. Number one being, we mentioned this in the reply and I'd like to expand on it here. The way the state court indictment was structured supports a finding that count two was relevant conduct. This is so because count two itself was a single count of theft made up of various allegations that occurred in state court, which the state chose to lump together. Under state law, with respect, as I look at it, count two of the Nevada indictment didn't allege any real estate fraud like what you had in the rest of this. Why is that relevant? Why is that something that should be taken into account here? Well, there's several reasons. Number one being under state law, Nevada revised statute 205.0834, different allegations in state court could only be lumped together into a single count of theft if they are part of a scheme or continuing course of conduct. Likewise, count one and count two could not be joined in the same indictment in state court under state law unless they too alleged a common plan or scheme. We cited that in the reply. It's Nevada revised statute 173.115. If we compare that to the definition of relevant conduct under the guidelines, which is looking for conduct that is either part of the same course of conduct or a common scheme or a plan, it's the exact same language. Likewise, the federal rules... Well, with respect, if you have one scheme to, for example, sell Nigerian oil deposits and the other one to buy distressed housing outside of Las Vegas, they're both a fraud, they're both a scheme, but they're really not similar, are they? Okay. This is a highly factual question. Okay. So in your example... I'm trying to understand the scope of what you're saying. It sounds like you're saying if fraud is alleged, it really doesn't matter the nature of the fraud or necessarily the time period in which each occurred. What am I missing? Okay. Well, that's definitely not what I'm saying. I just wanted to make the point that under state law, if count one is relevant conduct under the guidelines, it couldn't have been joined in state court with count two unless it was all part of the common scheme or plan, which they were joined in state court. That's the same definition we use in federal court. So that would be suggestive of the fact that they are both relevant conduct if one of them was. Your question seems to focus more on how we would figure out if something's relevant conduct under the guidelines. And I don't think the parties disagree that Han, this court's prior decision, provides a, if not the starting point, maybe the ending point as well. Han provided that you should then consider the issues of similarity, irregularity, and timeliness when trying to figure out if something's relevant conduct. I'm happy to go through all those, but I would like to make a special mention about timeliness. And we expanded, we put this in the brief, and I think that it could have been expanded a little more because the timeliness factor is by far the strongest of the three. If we reference the record, page 584 is where count two in state court is found. It alleges conduct between June of 2012 to February of 2014. If we refer to the federal indictment, it alleges wire fraud between February 2011 and June of 2013. The PN allegations in particular are all dated from 2013. The federal money laundering counts of the federal indictment allege that Mr. Zilke laundered money at casinos in Nevada in 2011. This is virtually the same conduct alleged in the state court count two in 2012, where he goes into casinos and obtains money under fraudulent pretenses. For an additional comparison, I would say try this. If we look at the federal indictment on page 814 of the record, compare it to count two on page 584, there are allegations in both that illegitimate funds were filtered through the same bank, this Mountain America Credit Union, from the time period of 2011 to 2014, covering the time period of both the federal conduct and the state court conduct. So, in answer to your question, with regard to the timeliness factor at least, there's a strong comparison that these things are all happening during the same time period. Now, as to the other two factors, I would turn here to the government's 404B motion discussed in the briefing. I would probably be constrained to agree that not every bit of conduct admitted under Rule 404B is necessarily relevant conduct, although there is a great deal of overlap, and those may often be the same thing. But if relevant conduct includes a common scheme or plan, we should take a look at what the government argued about its 404B motion below, which is on page 775 of the record, where they specifically said that the evidence in count two was conduct which showed Mr. Zokeeb's, quote, common plan to use worthless checks to obtain money for gambling, end quote. The district court granted that motion of count two on the basis that it met the 404B criteria, and that's on page 743 and 44 of the record. So, with respect to the final two factors, my point would be that the government sought and obtained a ruling from the district court that Mr. Zokeeb's procurement of fraudulent property was evidence of a common plan, which was his desire to engage in gambling, and that relevant conduct included conduct which is part of the plan explained in count two of the state court proceeding. For that reason alone, we're asking the court to reverse and remand with instructions to either have the district court go through this analysis and apply the adjustment, or if the court were so inclined, it could award the adjustment, which we had figured was 53 months as of the time of the federal sentencing in 2019. Another issue, sorry. The district court judge, when he did this, said it was different. I think he made the extent, the finding of they weren't similar is because there were different victims. Was there more to it than that? If we're talking about the court's decision on whether to apply the adjustment or not, there wasn't particularly a great deal of analysis provided by the judge. He largely adopted the pre-sentence report, and I mean the third version of the report, where the PSR had basically concluded in conclusory fashion that count two was just not relevant conduct. Nobody went through the individual components of count two or considered the factors that I'm trying to address here today that would have shown the strong similarity of conduct, the exact same regular conduct that Mr. Zokeeb engaged in, and of course, the timing. This has all taken place around the same time. So, I don't know that the district court specifically addressed any of those factors. You know, it's interesting. As I look at, for example, some of the complaints you make about some of the other folks, for example, under the EA, you properly stated it wasn't in the same name, it wasn't the same amount, and yet the government relied on it. And yet, when you're talking about the other side here, that it doesn't seem to matter that these were different victims. You can't really have it both ways, can you? Either the victims matter, or they don't matter. Which is it? Well, the similarity of victims is but one of the three factors. So, obviously, there's a difference there. I know that Mr. Zokeeb's base position, and I didn't argue the sentencing below, but his base position was that none of the conduct from state court was relevant, and all should have been excluded. To the extent that some of it is found to be relevant, some of it is not, then certainly he's entitled to make his position that if you're going to do that, then count one and count two. If they're joined in the same indictment and allege a continuing scheme to obtain money to gamble, would therefore constitute both relevant conduct, not just one or the other. We do raise a handful of other issues, and though I think there's a great benefit to that first issue, another one that was somewhat well explored was the issue of the foreclosure of the home by, I think it was victim KL below. The issue being the government has apparently agreed to a remand to determine whether restitution should be awarded for the recovery of that home, and if so, in what amount, but has not necessarily agreed that it should be deducted from the loss computation. Of course, as we discussed in the briefs, the loss computation was just barely above 1.5 million. A reduction from one of the victims would tend to drop it below that amount, possibly resulting in a lower computation score. I would simply suggest here on remand, if we're going to go back and take a look at whether this should be considered restitution, the district court would be in a better position in the first place to consider why or how Mr. Zoki, whether he even possessed that property, and if so, how it was transferred to KL as part of the litigation that was identified below. I thought in this case, he didn't own the property and pledged the property as collateral, and he had no intention to make them good on the alleged collateral. Isn't that right? He did give a deposition where he generally stated what you're stating. However, we have a limited record to work off here, and largely it consists of a docket sheet from the civil litigation. Nobody apparently went into the litigation itself to determine how was the property transferred. We do know from that docket sheet, which is part of the record, that Mr. Zoki was named as a party in that litigation and that the home was foreclosed on through that litigation. So there is some evidence. I know in his deposition he claimed he didn't, but that wasn't the ultimate ruling of the court, and I don't believe that's ultimately the basis that the decision was made on in that either. But again, that information is outside the record at this point. I hesitate to say, even though I've reviewed it, what it is, simply because it's not part of the decision-making process here. It's in the red brief at 23, 25, and 27. Again, I understand his denials. That is not what the state court found in that proceeding. What they did find was that he had some interest in the property, identified as an alter ego on the docket sheet, and ultimately the court did transfer that home to victim KL. So my suggestion would be, if we are going to go back to district court to determine whether that should be part of the restitution, the district court could, in the first instance, revisit the lost computation as well. All right. I did want to reserve three minutes. Can I just ask you to save the balance of your time for rebuttal? Yes, I would appreciate that. Thank you. Very well. Mr. Flake, you're representing the government. I bet you disagree with him. I was very perceptive of you, Your Honor. For formality, Adam Flake for the United States, good morning. I do indeed disagree. I think that with respect to the question of the 5G 1.3 reduction, it's important to look at the language of the guideline in the commentary. And I don't want to construe the commentary as if it's a congressional enactment, but I think it's more straightforward than the defendant is making it. Cases in which only part of the prior offense is relevant conduct in the instant case are covered under subsection D. Subsection D says if it's within the court's discretion to determine to run the sentence partially concurrent, fully concurrent or fully consecutive. And I don't think there's any dispute that some of the conduct in this case was quite different than the scheme alleged here. I mean, it's hard to honestly, it's a little bit hard to keep track of all of Mr. Zoghib's various criminal endeavors. But one thing that he did was he embezzled the Mercedes and he sold it to somebody. And that does that has very little to do, if any, I mean, other than just being dishonest, if anything that I can discern to do with a check kiting scheme and, you know, using fraudulent bank statements and things like that to procure investments that he that he never intended to pay back. I think the district court acted certainly did not commit clear error in finding that they that the state conduct was a mix of relevant conduct. And I think it acted well within its discretion when it decided to run the sentence partially or when it declined to reduce the sentence based on on the time that he spent in state court custody. I think that even your opposing counsel would concede that the 404 argument's a bit weak. I want to ask about his statements that the counts in Nevada could not be combined into one case unless they were relevant conduct under Nevada law. What shall I do with this? You may have misunderstood his argument, but that's what I heard. If my colleague wants to explain his argument further, I'll certainly allow him to do so. But I don't, I don't, I'm not aware of any authority that the Nevada prosecutors in their in their convictions somehow bind this court to its what is the inquiry into relevant conduct or what is the inquiry into whether that conduct should be credited against a state court sentence. I think it's an inquiry for this court to make based on this court's precedent. And as as my colleague extensively explained, it is embodied within the Hahn case and what and what the courts look at and I don't see anything in Hahn or any other case that says you look to how the assistant DA and in Clark County decided to charge the case. Let me ask you another question. As I understood it, the district judge said different victims and kind of left it at that. Or did he do more in the analysis? This is an analysis from from the probation department that was more. The I mean, I'll I'll certainly agree that the that the district courts was was cursory and it's I mean, it didn't it didn't delve in the way that we're now delving into it in the appeal. But I think it was well within its discretion when it or it was in its discretion to excuse me, it was it did not commit clear error when it made this determination that it involved relevant and nonrelevant conduct. I did also just want to address the the the issue of pledge collateral very briefly. I think and Judge Smith, you touched on this previously, but I don't think it is particularly necessary to delve into that to the issue too deeply, simply because losses that are paid back after a defendant is after his conduct is detected do not count as credit against a loss, and that is the reason that a remand on the issue of whether the restitution should be reduced is not the same as the remand into the issue of whether the loss amount should be reduced, because I don't think there's any doubt that he was able to arrest rest the house away from that, that the victim was able to rest the house away from Zoghi, but he did so after the fact. And it's just simply not relevant in the loss calculation because of the rule that once the fraud is detected, it no longer counts against the loss. And if the court doesn't have any other questions, I'll give up the rest of my time. Very well, any other questions by my colleague? No, thank you. Very well, so let's hear from Mr. Resch again. You got a little time left over for rebuttal. Thank you. Let's build on my arguments under state law. Obviously, a state's interpretation of state law can't bind this court's interpretation of how the guidelines apply, of course. With that said, the question must be asked, is there a good reason to treat the phrase common plan or scheme differently than the state court did when we're interpreting what it means under the guidelines? The federal courts and the Supreme Court have said if there is no good federal policy reason to do so, that you're certainly free to borrow a state court's interpretation of common phrases. That's all I'm asking here. We haven't heard a reason that common plan or scheme would mean something different in state court than it means here under the guidelines, and I don't think that it would. So my point being, if the state court joined those counts, both the offenses together in count two as well as count one with count two as part of a common plan or scheme, that there would be no good reason to treat that differently in state court than you would treat it under the guidelines. If it is a common plan or scheme, it is relevant conduct. If count two is relevant conduct, then Zokie was entitled to the mandatory adjustment under 5G 1.3b. So you don't think the term relevant is just kind of a garden variety, common sense word used by the guideline drafters? I think they went on to define it as, again, either same plan or scheme or conduct as part of a course of conduct. So that's ultimately what we're trying to figure out with Mr. Zokie, is that what was his plan or scheme? And it was, as the government alleged below, to obtain money by whatever fraudulent means, generally by saying he would do one thing and then not doing it when he obtained the money given to him by whoever the victim was, and he would go and gamble that money. But I thought your argument was that because under Nevada state, I got a pleading requirement, counts one and two could not have been joined unless they were relevant. Did I misunderstand you? Well, relevant conduct meaning part of a common plan or scheme. That was the Nevada phraseology, was that they were part of a scheme or continuing course of conduct. And so that's what I'm arguing here. I guess I could note that that requirement is very similar to federal criminal rule 8, same exact requirement, same language even. But you seem to be suggesting that a desire to take other people's money is all you need to allege, or it doesn't matter how different those schemes are. Do I misunderstand you? That is a component of it. However, we're talking about taking other people's money during the exact same time period for the exact same purpose, which is to illegally gamble. And again, comparing his conduct in the state court proceeding to the federal court, count two, he's using, meaning a lot of his frauds involving casinos, he's obtaining money, filtering it through the same exact bank. I think there are greater similarities if, sure, there are differences as well, but it ultimately all comes down to the same type of conduct as part of the same type of plan, which is to conduct this gambling that he does with other people's money. All right, if there's nothing further, I'm happy to submit it with that. Other questions by my colleague? No, thank you. Thanks very much, gentlemen, for your argument. We appreciate it. The case just argued is submitted.
judges: Wallace, M. Smith, Restani